**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

```
JAMES G. PERDIGAO              *       CIVIL ACTION
                               *
VERSUS                         *       NO. 08-3570
                               *
ADAMS and REESE,LLP, ET AL     *       SECTION:L
*****************************************************************
```

### RICO STANDING ORDER

This case contains a Civil RICO claim, filed in this Court pursuant to 18 U.S.C. Sections 1961-1968. This Order has been designed to establish a uniform and efficient procedure for deciding RICO cases.

The plaintiff(s) shall file within 20 days of the entry of this order a RICO case statement (an original and one (1) copy). The statement shall include the facts plaintiffs rely upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure II. In particular, the statement shall be in a form which uses the numbers and letters set forth below, unless filed as part of an amended and restated complaint (in which latter case, the allegations of the amended and restated complaint shall reasonably follow the organization set out below) and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), and/or (d). If you allege violations of more than one Section 1962 subsection, treat each as a separate RICO claim.

2. List <u>each</u> defendant and state the alleged misconduct and basis of liability of <u>each</u> defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim allegedly was injured.

5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:

- (a) List the alleged predicate acts and the specific statutes allegedly violated;

- (b) Provide the dates of the predicate acts, the participants in the predicate acts and a description of the facts surrounding each predicate act;

- (c) If the RICO claim is based upon the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under U.S.C. Title II, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made;

- (d) Describe whether the alleged predicate acts relate to the enterprise as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

- (a) State the names of the individuals, partnerships, corporations,

        associations or other entities allegedly constituting the enterprise;

  (b)  Describe the structure, purpose, roles, function and course of conduct of the enterprise;

  (c)  State whether any defendants are employees, officers or directors of the alleged enterprise;

  (d)  State whether any defendants are associated with the alleged enterprise, and if so, how;

  (e)  State whether you allege that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise;

  (f)  If you allege any defendants to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State whether you allege and describe in detail how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering activity.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. Section

1962(a), provide the following information:

    (a) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and,

    (b) Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. Section 1962(b), provide the following information:

    (a) Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and,

    (b) State whether the same entity is both the liable "person" and the "enterprise" under Section 1962(b).

13. If the complaint alleges a violation of 18 U.S.C. Section 1962(c), provide the following information:

    (a) State who is employed by or associated with the enterprise;

    (b) State whether the same entity is both the liable "person" and the "enterprise" under Section 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. Section 1962(d), describe in detail the alleged conspiracy;

15. Describe the alleged injury to business or property;

16. Describe the relationship between the alleged injury and violation of the RICO statute.

17. List the damages sustained by reason of the violation of Section 1962, indicating the amount for which each defendant allegedly is liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendant state claims, if any.

20. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.

This order was adopted by the court en banc at its meeting of June 3, 1987.  The court has further directed that it be entered in each RICO case at the time of filing.

                                        LORETTA G. WHYTE, CLERK

DATE ISSUED:  JUNE 3, 2008