UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES G. PERDIGAO | * | CIVIL ACTION NO.: 08-3570 |
| VERSUS | * | JUDGE: FALLON |
| ADAMS AND REESE LLP, ET AL. | * | MAGISTRATE: CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COMPLY WITH RICO STANDING ORDER**

Plaintiff James G. Perdigao ("Perdigao"), having filed a seventy-two page RICO Complaint of lurid allegations against defendants and their clients, now asks the Court for an extension of time in which to comply with the Eastern District's RICO Standing Order. This well-known Order requires plaintiff to file a statement that includes, *inter alia,* the facts upon which he relied in initiating his Complaint.[1] *See* Rec. Doc. No. 5. The requested extension contradicts the purpose of the Order and will only serve to prolong the ongoing breach of client confidentiality and baseless allegations that have resulted from Perdigao's desperate ploy to poison the jury pool in his upcoming criminal trial and to vilify defendants, who will be witnesses against him in that trial.

---

[1] Defendants submit this opposition with reservation of all rights, including the right to file motions pursuant to Fed. R. Civ. Pro. 12.

1

111596

The RICO Standing Order, adopted *en banc* more than twenty years ago, requires a plaintiff to state "the facts plaintiffs rely upon to initiate this RICO complaint as a result of the 'reasonable inquiry' required by Federal Rule of Civil Procedure 11." Rec. Doc. No. 5. The Order is entered in each and every RICO case at the time of filing. *See* Rec. Doc. No. 5. It serves as a "useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute." *Marriott Brothers v. Gage,* 911 F.2d 1105 (5th Cir. 1990).

The RICO Standing Order is also intended to filter out meritless complaints and to mitigate the stigmatizing effect on those named as defendants in such complaints. *See, e.g., Figueroa Ruiz v. Alegria,* 896 F.2d 645, 650 (1st Cir. 1990); *see also, e.g., Guiterrez v. Givens,* 1 F. Supp. 2d 1077, 1087 (S.D. Cal. 1998) (describing one purpose of a RICO standing order as "the filtering out of meritless complaints"). As the *Figeuroa Ruiz* court recognized:

> The mere assertion of a RICO claim has an almost inevitable stigmatizing effect on those named as defendants. In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation. The court's March 28 order in the instant case, which calls for a detailed explanation of the factual circumstances underlying the RICO claims, was designed to accomplish this very purpose.

896 F.2d at 650.

Were the Court to grant Perdigao's request for an extension of time, it would undermine the purpose of the RICO Standing Order and allow unsubstantiated allegations to linger in the public eye, thereby prolonging the inevitable stigmatizing effect already imposed on defendants. Of even greater concern, because Perdigao's vitriolic allegations reveal many client

111596

confidences as it repeatedly discusses "information relating to the representation of [] client[s]" in blatant violation of Louisiana Rule of Professional Conduct 1.6, an extension will increase the time period during which private client affairs will be publicly exposed.

Furthermore, as the RICO Standing Order has been entered in every RICO case at the time of filing for the past twenty years, Perdigao undoubtedly was aware of the requirements of that Order at the time he filed his Complaint. He found the time to set forth seventy-two pages of fantastical allegations against the defendants, and cannot legitimately claim that he now lacks the time to set forth a cogent statement of facts supporting those allegations. Indeed, the RICO Standing Order does not require a plaintiff to undertake discovery, or to compile and present additional information in excess of the essential elements of a RICO claim. Rather, it merely serves to provide notice of the requirements for pleading a RICO claim in accordance with the relevant substantive and procedural rules. *See, e.g., Old Time Enterps. V. Int'l Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir. 1989). Accordingly, the RICO Standing Order does no more than require a plaintiff to establish compliance with the Rule 11 mandate of reasonable inquiry and a claim warranted by law and fact. The burden imposed by the RICO Standing Order thus is *de minimis*, and, other than a possible change in format, already should have been satisfied. Only if the plaintiff has failed to comply with the dictates of Rule 11 before filing suit might preparation of a RICO case statement require additional time.

Perdigao's request for an extension of time attempts to delay the inevitable finding that facts and law do not support his claims. Consequently, defendants respectfully

request that the Court deny plaintiff's request for an extension of time to comply with the RICO Standing Order.

                Respectfully submitted:

                */s/ Stephen H. Kupperman*
                _____
                Stephen H. Kupperman, 7890
                Bailey H. Smith, 27906
                BARRASSO USDIN KUPPERMAN
                  FREEMAN & SARVER, L.L.C.
                909 Poydras Street, Suite 2400
                New Orleans, Louisiana 70112
                Telephone (504) 589-9700
                Facsimile (504) 589-9701

                Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon Plaintiff's counsel by electronic mail, court's electronic system, and/or placing same in the United States Mail, postage prepaid and properly addressed this 17th day of June, 2008.

                */s/ Stephen H. Kupperman*
                _____

111596